UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA MOLINA CASTELLANOS,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden of Imperial Regional Detention Facility; TODD LYONS, Acting Director Immigration and Customs Enforcement; and PAMELA BONDI, Attorney General of the United States; in their official capacities,<br><br>                              Respondents. | Case No.: 3:26-cv-1727-JES-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Jose Maria Molina Castellanos' ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 3.), Respondents (the "Government") filed the Response. ECF No. 5, ("Res."). For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner, a native and citizen of Honduras, last re-entered the United States on March 14, 2025, on Advanced Parole. Pet. ¶ 16. Petitioner's Advance Parole granted him valid admission into the country until March 12, 2026, as his approved application stated

that it would be valid from January 31, 2025, through January 31, 2030. *See* ECF No. 1-3; *see* ECF No. 1-4. Despite his parole being valid, until at least March 12, 2026, Petitioner was recently detained by Respondents, without any notice or an opportunity to be heard. Pet. ¶ 16. Due to *Matter of Yajure-Hurtado*, Petitioner is currently being subjected to mandatory detention by Respondents, at the Imperial Regional Detention Facility. *Id*. ¶ 20; 29 I&N Dec. 216 (BIA 2025). Petitioner brings this action, contending that the manner in which Respondents revoked his Advance Parole, violates the Due Process Clause of the Fifth Amendment, the INA, and their own regulations. Pet. ¶ 19. Accordingly, Petitioner requests that the Court order his immediate release. *Id*.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

In response to the Petition, the Government concedes that Petitioner was previously released from custody on parole. Res. at 2. However, it also informs the Court that it does not have sufficient information regarding whether the termination of Petitioner's parole was proper under 8 C.F.R. § 212.5(e)(2). *Id*. Yet, it still maintains its position that Petitioner is subject to mandatory detention under § 1225(b)(2). *Id*.

The Court finds that this issue, whether the Government lawfully revoked a noncitizen's parole when it detained them in immigration custody, has been addressed by the undersigned in a recent decision, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Thus, the Court elects to follow the reasoning stated in *Gergawi* and incorporates it by reference. *Id*.

As the Court was not briefed about events that transpired prior to Respondents' grant of Advance Parole to Petitioner, which occurred on February 1, 2025. ECF No. 1-4. It has some concerns regarding the accuracy of the Respondents' concession. Regardless, such events are of little consequence, here, because Respondents voluntarily chose to grant Petitioner Advance Parole. *See* ECF No. 1-4.  The Court finds that in doing so, Respondents created a liberty interest for Petitioner, in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1031.

Noncitizens that have a pending application for adjustment of status may apply for Advanced Parole. 8 U.S.C. § 1255(i); 8 C.F.R. §§ 212.5(f), 245.1(a). Advanced Parole permits a noncitizen to depart and return to the United States without jeopardizing their immigration status or grants parole to a noncitizen outside the country, allowing them to enter the country but prevents them from obtaining the status of a lawfully admitted alien. *Samirah v. Holder,* 627 F.3d 652, 655 (7th Cir. 2010); 8 U.S.C. § 1255(i); 8 C.F.R. §§ 212.5(f), 245.1(a). "When DHS wishes to revoke an advance parole that has been previously given, it is required that 'parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.'" *Shia Ass'n of Bay Area v. United States*, 849 F. Supp. 2d 916, 923 (N.D. Cal. 2012) (quoting 8 C.F.R. § 212.5(e)(2)(i)).

Petitioner claims that the Government did not conduct a case-by-case assessment of whether changed circumstances exist that warrant the revocation of his parole, prior to it recently detaining him. Pet. ¶ 25-26. Nor did it provide Petitioner with any notice of its intent to undertake such activity. *Id*. Petitioner argues, therefore, the Government failed to follow the applicable statutory and regulatory provisions to terminate his parole. *Id*. ¶ 19.

The Government does not contest these accusations and, thus, waives it right to do so. *See Res.* at 2. Accordingly, the Court finds that the Government failed to provide Petitioner with any notice or an opportunity to be heard prior to revoking his parole, when he was recently detained. In doing so, it violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores*, 2025 WL 3228306, at *5; *Faizyan*, 2025 WL 3208844, at *7.

As a result, the Court will order Petitioner's immediate release.

## IV.   CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2) Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of his preexisting Advance Parole;

(3) Respondents are **ORDERED** to file a Status Report on or before **April 2, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 30, 2026

Honorable James E. Simmons Jr.
United States District Judge